**ANAREN MICROWAVE, INC.,**
**Plaintiff–Appellant,**

v.

**LORAL CORPORATION, Louis H. Oberndorf, and Victor D. Cohen,**
**Defendants–Appellees.**

**No. 1104, Docket 94–7772.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 8, 1995.

Decided Feb. 23, 1995.

Joel M. Wolosky, New York City (Parker Chapin Flattau & Klimpl, LLP, Robert M. Carmen, of counsel), for plaintiff-appellant.

Benito Romano, New York City (Willkie Farr & Gallagher, John J. Halloran, Jr., Jennifer L. Gray, of counsel) for defendants-appellees.

Victor D. Cohen, pro se.

Before KEARSE, LUMBARD and CARDAMONE, Circuit Judges.

PER CURIAM:

Anaren Microwave, Inc. appeals from a grant of summary judgment entered in the District Court for the Southern District of New York (Sprizzo, J.) on June 24, 1994, dismissing its Robinson–Patman, Sherman Act, and RICO claims. We affirm for substantially the same reasons stated by Judge Sprizzo. *See Anaren Microwave, Inc. v. Loral Corp.*, 855 F.Supp. 634 (S.D.N.Y.1994).

Anaren, an electronic components manufacturer, claims that it was injured by defendant Loral Corp.'s use of illegally-obtained proprietary information in successfully underbidding Litton Industries, Inc. for an Air Force radar detection system contract. Litton's bid was predicated in part on its use of a subsystem manufactured by Anaren. After Loral's misconduct became known, Litton, Loral, and the Air Force entered into a settlement agreement, pursuant to which the Air Force contract was restructured to provide that Litton would become a second source for certain components of Loral's system. The restructured contract did not call for the particular subsystem manufactured by Anaren. Anaren sought to recover for the business it lost as a result of these events.

Relying on the standard articulated in *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 266–70, 112 S.Ct. 1311, 1317–18, 117 L.Ed.2d 532 (1992), Judge Sprizzo ruled that any injury to Anaren was derivative of the injury to Litton, and therefore not "proximately caused" by Loral's misconduct. *See Anaren*, 855 F.Supp. at 637–38. We add only that the record belies Anaren's argument on appeal that it was in "direct competition" with Loral in virtue of offering a "competing product." Anaren merely supplied a subsystem of Litton's own radar detection system; Anaren neither was Litton's partner in this venture, nor did Anaren submit its own bid to the Air Force to produce a system competing with Loral's. Moreover, the affidavit on which Anaren chiefly relies shows that Loral's ability to underbid Litton primarily derived from its knowledge of Litton's overall system, not Anaren's subsystem. As Anaren has failed to demonstrate a genuine issue of material fact on its contention that it was injured directly, rather than derivatively, by the defendants' misconduct, we affirm Judge Sprizzo's grant of summary judgment for the defendants.